**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: UNASSIGNED**

---------------------------------------------------------------------- X
                                                                       :
PERFORMANCE ADDITIVES, LLC,                                            :
                                                                       :
     **Plaintiff,**                           :
                                                                       :
       *v.*                          :     **Case No. 22-86**
                                                                       :
UNITED STATES                                                          :
                                                                       :
     **Defendants.**                          :
---------------------------------------------------------------------- X

## COMPLAINT

Plaintiff Performance Additives, LLC, (hereinafter "plaintiff" or "Performance Additives") through its undersigned counsel, for its complaint alleges as follows:

## NATURE OF THE ACTION

1.  This action is brought to contest the denial of plaintiff's protest which challenged the denial of certain claims for 19 U.S.C. § 1313(p) claims for petroleum derivatives substitution drawback.

## JURISDICTION

2.  This Court has exclusive jurisdiction of this action pursuant to 28 U.S.C. § 1581(a) because the action contests the denial of protests filed by the Plaintiff with United States Customs and Border Protection ("CBP") contesting CBP's refusal to pay drawback on claims for drawback filed pursuant to 19 U.S.C. § 1313(p).

3.  This action is filed within the time limit prescribed in 19 USC § 1514(a) and 28 U.S.C. § 2636(a)(1).

4.  All liquidated Customs duties in respect of the import entries designated as the basis of drawback in the claims were paid prior to the commencement of this action.

5.     In this action, Plaintiff seeks an order holding that CBP's liquidations denying drawback were null and void, since the subject drawback entries were liquidated as filed, by operation of law, pursuant to 19 U.S.C. § 1504(a)(2)(A).

## PARTIES

6.     Plaintiff is a corporation organized under the laws of the Commonwealth of Pennsylvania and doing business from its facilities in Southern Pines, North Carolina.

7.     Plaintiff is the real party in interest, because it is the party that filed certain drawback claims pursuant to 19 U.S.C. § 1313, which claims were denied. Plaintiff is also the party that filed the two protests contesting the refusal to pay claims for drawback, which protests were denied by CBP

8.     The United States is the Federal defendant, and the proper party against whom this suit is brought, because its constituent agency, U.S. Customs and Border Protection, a unit of the United States Department of Homeland Security, is the agency which denied plaintiff's claims for duty drawback.

## STATEMENT OF FACTS

9.     Plaintiff is an importer of certain polymethyl methacrylate polymer and other polymer chemicals, which, at all times relevant to these proceedings, were classifiable at entry within chapter 39 of the Harmonized Tariff Schedule of the United States.

10.     Polymethyl methacrylate polymers and other plastics chemicals are subject to duties, user fees and harbor maintenance taxes upon entry into the United States.

11.     All such duties, when imposed on Plaintiff's imports have been paid upon entry.

12.     On July 1, 2021, Plaintiff challenged the denials of its claim for drawback by filing a protest pursuant to 19 U.S.C. § 1514.

13. Customs denied plaintiff's protest on January 10, 2022.

14. Thereafter, plaintiff timely commenced this action to challenge the denial of its protest. This court has exclusive subject matter jurisdiction of this action under 28 U.S.C. § 1581(a).

**History of Drawback**

15. The law of drawback was first enacted in the Tariff Act of 1789 and, in general, directed that certain customs duties paid to the United States on imported merchandise be refunded when an article, made with the use of that imported merchandise, is thereafter exported. (Tariff Act, 1789, Chapter V, Sections 31-32, 1 Stat. 29, 45-46).

16. Since its original enactment, the drawback law has been amended to allow for, inter alia, a refund of duties upon the exportation of articles made in the United States with domestic merchandise substitutable for the imported, duty paid merchandise, provided that the regulations governing such claims are followed, 19 U.S.C. § 1313(b); to merchandise exported without having been used in the United States *Id.*, §1313(j)(1); to exported merchandise which is "substitutable" for imported, duty paid merchandise, and which is exported without having been "used" in the United States; *Id.*, §1313(j)(2); and to certain exported petroleum derivates deemed substitutable for imported, duty paid petroleum derivatives *Id*., §1313(p), among other provisions.

17. In 1993, the Congress enacted the North American Free Trade Agreement Implementation Act, (Pub. L. 103-182) (hereinafter NAFTA) which, among other things, amended the "unused merchandise" provisions of the drawback law, known as subsection (j) and added language which provided that drawback shall be paid the exportation of substituted merchandise provided that such exporter was "in the possession of, …or … under the operational control of,

imported merchandise" even if such merchandise is not used in the production of the exported article, provided that both the imported and exported article were "commercially interchangeable."

18.     The North American Free Trade Agreement Implementation Act, Pub. L. 101-382 also enacted into law Section 313(p) of the Tariff Act of 1930, as amended 19 U.S.C. §1313(p), which provides for the payment of drawback in respect of exported petroleum derivative articles which are "qualified goods" with respect to imported, duty-paid petroleum derivative articles. These derivative articles included items classified in subheadings 3901 through 3914 of the Harmonized Tariff Schedule of the United States ("HTSUS").

19.     In 2015 the Congress enacted the "Trade Facilitation and Trade Enforcement Act, ("TFTEA") which, among other things, changed the standard for "substitutability", for purposes of 19 U.S.C. § 1313(j)(2) from "commercial interchangeability" to classification in the same 8-digit subheading of the HTSUS and, in some cases, to classification in the same 10-digit statistical heading of the HTSUS. These provisions became applicable upon the enactment of implementing regulations in 2018.

20.     On the dates noted in the Summons for this action, plaintiff filed claims for duty drawback under 19 U.S.C. § 1313 (j)(2) and § 1313(p) in respect of imported polymethyl methacrylate polymer ("PMMA"). The claims were predicated on the export of PMMA which was "substitutable" under the drawback statute.

21.     Prior to the liquidation of any such drawback claims, members of the Customs Regulatory Audit group audited several of the plaintiff's drawback claims to ensure compliance with the law and regulations and reported no substantive violation of the regulations.

22.     In February of 2018 Customs began liquidating drawback claims filed by the Plaintiff, signaling to the Plaintiff that its drawback processes were accurate and that the claims,

as a matter of law, qualified for drawback. Plaintiff also qualified for accelerated payment of estimated drawback refunds, in accordance with Customs' regulations.

23.    Following the initial February 2018 liquidation, Plaintiff's accelerated payments of drawback continued, and Plaintiff both continued and increased its imports and its drawback claims.

24.    On or about July 20, 2020, Plaintiff was notified, without explanation, that its drawback accelerated payment privileges were suspended.

**Limitations of the Liquidation of Drawback Claims**

25.    Paragraph (1) of section 504 (a) of the 1930 Tariff Act, as amended and added, provides that an entry for consumption, unless suspended or extended, shall be deemed liquidated at the rate of duty, value, quantity and amount as asserted by the importer of record in the consumption entry on the first anniversary of the date of entry.

26.    With respect to the liquidation of claims for duty drawback, Section 504(a)(1) and (2) of the Tariff Act of 1930, as amended 19 U.S.C. §1504(a)(1) and (2), and which is the best evidence of its contents, provides as follows:

**(2) Entries or claims for drawback**

**(A) In general**

Except as provided in subparagraph (B) or (C)1 , unless an entry or claim for drawback is extended under subsection (b) or suspended as required by statute or court order, an entry or claim for drawback not liquidated within 1 year from the date of entry or claim shall be deemed liquidated at the drawback amount asserted by the claimant or claim. Notwithstanding section 1500(e) of this title, notice of liquidation need not be given of an entry deemed liquidated.

**(B)Unliquidated imports**
An entry or claim for drawback whose designated or identified import entries have not been liquidated and become final within the 1-year period described in subparagraph (A), or within the 1-year period described in subparagraph (C), shall be deemed liquidated upon the deposit of estimated duties on the unliquidated

5

imported merchandise, and upon the filing with the Customs Service of a written request for the liquidation of the drawback entry or claim. Such a request must include a waiver of any right to payment or refund under other provisions of law. The Secretary of the Treasury shall prescribe any necessary regulations for the purpose of administering this subparagraph.

27.    Section 504(a)(2)(A) and 504(a)(2)(B) mandate the time-delimited liquidation of drawback entries. Under Section 504(a)(2)(A), an entry or claim for drawback must be liquidated or extended within one year of the filing of the entry or claim, unless the liquidation is extended pursuant to 19 U.S.C. § 1504(b). Absent such an extension, the entry or claim for drawback will be deemed liquidated one year after the date of its filing "at the drawback amount asserted by the claimant or claim."

28.    Subsection (b) of section 504 provides an optional method for obtaining liquidation of a drawback claim based on estimated duties deposited on designated import entries.

29.    Section 504(a) mandates that any drawback claim not liquidated four years after filing is deemed liquidated as filed.

**Protest and Entries at Issue**

30.    The Protest challenged the liquidation of 40 drawback entries which were liquidated between April 30, 2021 and May 7, 2021, all without benefit of drawback.

31.    On 37 of the 40 entries, liquidated between April 30 and May 7, 2021, accelerated payment had been made and the effect of the liquidation was to demand the return of duties that were paid to Performance Additives, in some cases on entries made over five years earlier. In effect, Customs is asserting clawback rights. All of these entries were listed as not having been extended according to the ACE module or, if extended, were liquidated by Customs after the maximum four-year extension period had lapsed.

32.     Two entries were not extended, but accelerated payment was not made as to them, and the liquidation is a refusal to pay drawback.

33.     One entry appears to have been extended and drawback was not paid and has been liquidated within the time period called for under the extension.

## COUNT I

34.     Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations of Paragraphs 1 through 33 of this Complaint.

35.     Plaintiff filed various drawback entries between October 2015 and July 2020 for which liquidation of the drawback entry was extended.

36.     Customs purports to have extended the liquidations well four years after the date of the filing of the entry.

37.     Even assuming, arguendo, that the liquidation of this drawback claim was validly extended, under the plain reading of section subsection (b)(4) of section 504 of the Tariff Act of 1930, the extension would have terminated no later than the fourth anniversary of the date of the filing of the claim.

38.     Because these entries were deemed liquidated by operation of law as of the fourth anniversary of the date of the filing of the claim with allowance of drawback in the amount as stated in the claims, the purported liquidation by denying any drawback benefits, was contrary to law, null, void, and not in accordance with law.

## COUNT II

39.     Plaintiff incorporates paragraphs 1-38 above by reference.

40.     Plaintiff filed various drawback entries between October 2015 and July 2020 for which liquidation of the drawback entry was not extended.

7

41.    None of the designated import entries in these claims remained unliquidated one year after the filing of the drawback claim.

42.    Therefore, on the first anniversary of the filing of these drawback claims, liquidation of the drawback entry was not extended and the drawback entry was therefore liquidated by operation of law in the amount as stated in the claim and the restricting language of 19 U.S.C. § 1504((a)(2)(B) was inoperative.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays this this Honorable Court enter an order declaring:

a.  CBP's denial of drawback with respect to the drawback entries at bar to be unlawful, null and void;

b.  Directing the appropriate CBP officer to reliquidate the drawback entries with allowance of drawback, and

c.  directing CBP to pay the drawback to plaintiff, together with interest as provided by law and

d.  Providing plaintiff such further and additional relief as this Court may deem just

\*                    \*                    \*

Respectfully submitted,

NEVILLE PETERSON LLP

/s/John M. Peterson
John M. Peterson
Patrick B. Klein
NEVILLE PETERSON LLP
One Exchange Plaza at 55 Broadway
New York, NY 10006
(212) 635-2730
(212) 635-0113 (FAX)
*Counsel for Plaintiff*

Dated: March 30, 2026