UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JANE A. RESTANI, JUDGE

PERFORMANCE ADDITIVES, LLC,

Plaintiff,

v.

UNITED STATES,

Defendant.

Court No. 22-00086

**ORDER**

Upon consideration of defendant's amended motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted, other papers on file, and upon due deliberation, it is hereby

**ORDERED** that defendant's motion be and is hereby is granted; and it is further

**ORDERED** that this action is dismissed with prejudice.

_____________________________
JUDGE

Dated: ____________________
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JANE A. RESTANI, JUDGE

| | | |
|---|---|---|
| PERFORMANCE ADDITIVES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | ) | Court No. 22-00086 |

**DEFENDANT'S AMENDED MOTION TO DISMISS**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of International Trade, defendant respectfully requests that this Court dismiss this action with prejudice for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. The reasons for our motion are set forth in the accompanying memorandum.

WHEREFORE, defendant respectfully requests that an order be entered granting defendant's amended motion to dismiss and granting defendant such other and further relief as may be just and appropriate.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

By: /s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Alexander Vanderweide
ALEXANDER VANDERWEIDE
Senior Trial Counsel
International Trade Field Office
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(202) 598-0287
Attorneys for Defendant

Of Counsel:
ALEXANDRA KHREBTUKOVA
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

October 22, 2026

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JANE A. RESTANI, JUDGE

| | | |
|---|---|---|
| PERFORMANCE ADDITIVES, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Court No. 22-00086 |
| UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS AMENDED MOTION TO DISMISS**


BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

ALEXANDER VANDERWEIDE
Senior Trial Counsel
International Trade Field Office
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(202) 598-0287
Attorneys for Defendant

Of Counsel:
ALEXANDRA KHREBTUKOVA
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection


October 22, 2026

## TABLE OF CONTENTS

OVERVIEW ........................................................................................................ 1

BACKGROUND ................................................................................................... 3

ARGUMENT ........................................................................................................ 6

I. Standard Of Review ........................................................................................ 6

II. This Action Should Be Dismissed For Lack Of Jurisdiction ........................... 9

III. This Action Should Be Dismissed For Failure To State A Claim ................. 13

IV. PAL's Additional Counts Should Be Dismissed ........................................... 17

CONCLUSION ..................................................................................................... 22

## TABLE OF AUTHORITIES

### Cases

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*,
671 F.3d 140 (2d. Cir. 2011) ............................................................................ 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................................ 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..................................................................................... 7, 8

*Borusan Mannesmann Boru Sanayi v. Ticaret A.S.*,
578 F. Supp. 3d 1333 (Ct. Int'l Trade 2022) .................................................. 10

*Brother Int'l Corp. v. United States*,
27 C.I.T. 1 (2003) .......................................................................................... 11

*Browning v. Clinton*,
292 F.3d 235 (D.C. Cir. 2002) ........................................................................ 7

*CR Indus. v. United States*,
10 CIT 561 (1986) .......................................................................................... 7

*Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp.*,
585 F. Supp. 3d 63 (D.D.C. 2022)
*aff'd* 77 F.4th 679 (D.C Cir. 2023) ................................................................ 7

*Dazzle Mfg., Ltd. v. United States*,
971 F. Supp. 594 (Ct. Int'l Trade 1997) .................................................................... 10, 19

*Eastern Transp. Co. v. United States*,
272 U.S. 675, 47 S. Ct. 289, 71 L. Ed. 472 (1927) ........................................................... 8

*Great Am. Ins. Co. of New York v. United States*,
34 C.I.T. 523 (2010) ....................................................................................... 9, 10, 19

*Hartford Fire Ins. Co. v. United States*,
254 F. Supp. 3d 1333 (Ct. Int'l Trade 2017)
*appeal dismissed,* 2018 WL1738320 (Fed. Cir. 2018) ..................................................... 10, 19

*Int'l Fidelity Ins. Co. v. Sweet Little Mexico Corp.*,
665 F.3d 671 (5th Cir. 2011) ........................................................................................ 19

*Kellogg Brown & Root Servs., Inc. v. United States*,
728 F.3d 1348 (Fed. Cir. 2013) ........................................................................................ 8

*Kent v. Principi*,
389 F.3d 1380 (Fed. Cir. 2004) ........................................................................................ 8

*McMahon v. United States*,
342 U.S. 25, 72 S. Ct. 17, 96 L. Ed. 268 (1951) ............................................................... 8

*McNutt v. Gen. Motors Acceptance Corp.*,
298 U.S. 178 (1936) ........................................................................................................ 7

*Nature's Farm Products, Inc. v. United States*,
819 F.2d 1127 (Fed. Cir. 1987) ........................................................................................ 9

*Performance Additives, LLC v. United States*,
167 F.4th 1348 (Fed. Cir. 2026) ....................................................................... 6, 15, 16, 17

*Performance Additives, LLC v. United States*,
705 F. Supp. 3d 1385 (Ct. Int'l Trade 2024) ..................................................... 6, 15, 16, 17

*Ruckelshaus v. Sierra Club,*
463 U.S. 680 (1983) ........................................................................................................ 8

*Secured Mail Sols., LLC v. Universal Wilde, Inc.*,
873 F.3d 905 (Fed. Cir. 2017) .......................................................................................... 8

*Steel Co. v. Citizens For A Better Env't*,
523 U.S. 83 (1998) .......................................................................................................... 6

*Syva Co. v. United States*,
681 F. Supp. 885 (Ct. Int'l Trade 1988) ........................................................................... 10

*United Pac. Ins. Co. v. United States*,
464 F.3d 1325 (Fed. Cir. 2006)........................................................................................7

*United States v. Mitchell*,
445 U.S. 535 (1980)........................................................................................................8

*United States v. Spanish Foods, Inc*.,
30 F. Supp. 2d 571 (Ct. Int'l Trade 1998) ......................................................................19

*Wally Packaging, Inc. v. United States*,
578 F. Supp. 1408 (Ct. Int'l Trade 1984) ........................................................................7

*Yanko v. United States*,
869 F.3d 1328 (Fed. Cir. 2017)........................................................................................8

**Statutes**

19 U.S.C. § 1313..........................................................................................................*passim*

19 U.S.C. § 1504(a)(2)........................................................................................1, 12, 13

19 U.S.C. § 1504(a)(2)(A) .........................................................................13, 15, 16, 17

19 U.S.C. § 1504(a)(2)(B) ..............................................................................................15

19 U.S.C. § 1504(b) ........................................................................................13, 14, 15, 16

19 U.S.C. § 1514(a)(6)......................................................................................................20

28 U.S.C. § 1581.........................................................................................................9, 20

28 U.S.C. § 1581(a) ....................................................................................................*passim*

28 U.S.C. § 2636(a)(1)......................................................................................................20

28 U.S.C. § 2637(a) ....................................................................................................*passim*

28 U.S.C. § 2638...............................................................................................................20

The Trade Facilitation and Trade Enforcement Act of 2015,
Pub. L. No. 114-125, 130 Stat.122 (2016).........................................................................2

**Rules**

USCIT Rule 12(b)(1) ......................................................................................................1, 7

USCIT Rule 12(b)(6) ......................................................................................................1, 8

USCIT Rule 14 ........ 19, 21

USCIT Rule 14(a) ........ 19

USCIT Rule 14(b) ........ 19

**Regulations**

19 C.F.R. § 24.3a ........ 18

19 C.F.R. § 113.65(b) ........ 3, 13, 18, 20

19 C.F.R. § 159.1 ........ 12

19 C.F.R. § 159.12(a) ........ 15

19 C.F.R. § 159.12(a)(1) ........ 5, 17

19 C.F.R. § 159.12(d) ........ 15

19 C.F.R. § 159.12(e) ........ 15

19 C.F.R. § 190.2 ........ 2

19 C.F.R. § 190.81(a)(1) ........ 12

19 C.F.R. § 190.92 ........ 2, 3, 21

19 C.F.R. § 190.92(a) ........ 3, 21

19 C.F.R. § 190.92(b)-(h) ........ 3

19 C.F.R. § 190.92(d) ........ 18, 20

19 C.F.R. § 190.92(i) ........ *passim*

19 C.F.R. § 191.2(j)-(k) ........ 2

19 C.F.R. § 191.92(i) ........ 13, 21

*Modernized Drawback,*
83 Fed. Reg. 64,942 (Dec. 8, 2018) ........ 2

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JANE A. RESTANI, JUDGE

| | | |
|---|---|---|
| PERFORMANCE ADDITIVES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | ) | Court No. 22-00086 |

**DEFENDANT'S AMENDED MOTION TO DISMISS**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of International Trade, defendant, United States, respectfully requests that the Court dismiss this action for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

**OVERVIEW**

This case concerns a privilege known as "drawback." Drawback is the payment by U.S. Customs and Border Protection (CBP) to a qualifying claimant of up to 99% of the duties, taxes, and fees paid on imported goods when the same or substitute goods are exported or are used in the manufacture of products that are exported, or when certain other specified conditions are met. *See generally* 19 U.S.C. § 1313. Drawback encourages domestic manufacturing and promotes fair competition with overseas competitors by alleviating the financial burdens of entities that import and export goods.

The terms "drawback claim" and "drawback entry" are used interchangeably in 19 U.S.C. §§ 1313 and 1504(a)(2). Throughout this motion, for the sake of consistency, we primarily use

the term "drawback claim." Although the statute does not define the terms, CBP's regulations do so in 19 C.F.R. § 190.2,[1] as follows:

> Drawback claim. Drawback claim, as authorized for payment by CBP, means the drawback entry and related documents required by regulation which together constitute the request for drawback payment. All drawback claims must be filed electronically through a CBP-authorized Electronic Data Interchange system.
>
> Drawback entry. Drawback entry means the document containing a description of, and other required information concerning, the exported or destroyed article upon which a drawback claim is based and the designated imported merchandise for which drawback of the duties, taxes, and fees paid upon importation is claimed. Drawback entries must be filed electronically.

Accelerated payment of estimated drawback (AP) is a regulatory privilege that allows a qualifying drawback claimant to receive a preliminary estimated drawback payment shortly after the claim is filed, subject to repayment if CBP determines upon liquidation of the claim that the pre-liquidation estimated drawback payment was in excess of the actual drawback amount due. 19 C.F.R. § 190.92. Although AP is not provided for or required by the drawback statute, 19 U.S.C. § 1313, CBP regulations provide for AP as a fully bonded, contingent payment of

---

[1] Materially similar definitions applied under 19 C.F.R. § 191.2(j)-(k) for drawback claims filed prior to February 24, 2018. The Trade Facilitation and Trade Enforcement Act of 2015 (TFTEA) enacted changes to the drawback statute, section 313 of the Trade Act of 1930, as amended, 19 U.S.C. § 1313, effective for drawback claims filed on and after the date that is two years after its enactment, and also provided for a transition period of one year after this effective date, during which claimants could elect to file under the law as it was in effect prior to TFTEA or under the new law as modified by TFTEA. *See* TFTEA, P.L. 114-125 § 906(q)(1)(B) and (q)(3) (Feb. 24, 2016). Accordingly, CBP's implementing regulations in Part 191 ("Drawback") of title 19 of the C.F.R. apply to drawback claims made prior to February 24, 2018, whereas the implementing regulations in part 190 ("Modernized Drawback") apply to drawback claims made after that date, except that from February 24, 2018 to February 24, 2019 claimants had the option to elect to file under either part 190 or part 191. *See Modernized Drawback*, 83 Fed. Reg. 64,942 (U.S. Customs and Border Protection, Dec. 18, 2018) (final rule). Depending on the date of filing, some of the subject drawback claims at issue are governed by pre-TFTEA regulations in part 191, and others by post-TFTEA regulations in part 190. For ease of reference, throughout this motion, we primarily cite the drawback regulations set forth in part 190.

estimated drawback for qualifying claimants with qualifying claims, subject to specified regulatory conditions. *Id*.

Specifically, the regulations governing AP provide that "[a]ccelerated payment of drawback consists of the payment of estimated drawback before liquidation of the drawback entry [… and] does not constitute liquidation of the drawback entry." 19 C.F.R. § 190.92(a). Provided the claimant is AP-eligible, *see* 19 C.F.R. § 190.92(b)-(h), and has a bond on file with a limit of liability that is sufficient to fully cover the claimed drawback amount, *see id.* at § 190.92(d), then so long as "CBP's review of the request for accelerated payment of drawback does not find omissions from, or inconsistencies with the requirements of the drawback law and part 190," *id*. at § 190.92(a), CBP will certify the claim for payment of the AP. *Id*. at § 190.92(i). However, the regulations further provide that after the drawback claim is liquidated, CBP will "demand a refund of any excess amount paid" as AP, and that "[a]ny excess amount of duty the subject of accelerated payment that is not repaid to CBP within 30 days after the date of liquidation of the related drawback entry will be considered delinquent (see §§ 24.3a and 113.65(b) of this chapter)." 19 C.F.R. § 190.92(i). If the claimant does not pay the bill for AP within 30 days of the date of liquidation of the claim, then CBP adds delinquency interest to the bill in accordance with section 190.92(i) and notifies the surety on the claimant's bond covering the AP. *See* 19 C.F.R. § 113.65(b).

**BACKGROUND**

This case concerns 38 drawback claims filed by plaintiff, Performance Additives, LLC (PAL), between June 30, 2016 and January 29, 2020, seeking drawback of duties, taxes and fees paid for merchandise imported between April 8, 2016 and April 4, 2019. *See* Amended Summons, ECF No. 9; Protests and Entries, ECF No. 10; Declaration of Sonia Elmalis (Elmalis

Decl.) at ¶¶ 4-5 and Attachment A. CBP liquidated the claims between April 30, 2021 and May 21, 2021, with a drawback amount of zero. Protests and Entries; Elmalis Decl. at ¶ 4, Attachment A. In its original complaint (and now Counts I and II of its First Amended Complaint), PAL contends that the subject claims were deemed liquidated by operation of law at the amounts asserted. Compl., ECF No. 15; First Am. Compl., ECF No. 23.

Prior to the claims liquidating, PAL requested and received AP for all but one of its 38 drawback claims; once liquidated, for all but Drawback Claim No. BI0-0003838-9,[2] CBP issued bills to PAL for the return of the AP in accordance with the governing regulations. *See* 19 C.F.R. § 190.92(i); Protests and Entries; Elmalis Decl. at ¶¶ 4 and 7, Attachment A. Apart from Drawback Claim No. BI0-0003838-9 (for which PAL did not receive AP), PAL did not pay all liquidated duties, charges, or exactions prior to commencing this action. *See* 28 U.S.C. § 2637(a).

CBP extended the liquidation dates for two of the 38 drawback claims. PAL filed Drawback Claim No. BI0-0003473-5 on June 30, 2016. Amended Summons; Protests and Entries; Elmalis Decl. at ¶ 4, Attachment A. On February 18, 2017, CBP issued a notice to extend the liquidation of this claim until June 30, 2018. Elmalis Decl. at ¶¶ 4 and 6, Attachment A. This was the only extension issued for Drawback Claim No. BI0-0003473-5. *Id.* CBP untimely liquidated the claim on May 14, 2021, at a drawback amount of zero, and issued a bill to PAL for the return of the AP paid in connection with this drawback claim. Amended Summons; Protests and Entries; Elmalis Decl. at ¶¶ 4, 7-8, Attachment A. PAL paid the liquidated charges, along with delinquency interest, on March 29, 2022—eleven days after PAL

[2] Drawback Claim No. BI0-0003838-9 liquidated "no change" because no AP of estimated drawback was paid for this claim, so no bill was issued for any liquidated charges or exactions.

commenced this action on March 18, 2022. Summons, ECF No. 1; Elmalis Decl. at ¶¶ 4, 9, Attachment A.

CBP also extended the liquidation date for Drawback Claim No. BI0-0004471-8, which PAL filed on January 29, 2020. Protests and Entries; Elmalis Decl. at ¶¶ 4, 6, Attachment A. On January 20, 2021, CBP issued a notice of extension of liquidation, which extended the liquidation deadline for this claim until January 29, 2022. Protests and Entries; Elmalis Decl. at ¶¶ 4, 6, Attachment A; 19 C.F.R. § 159.12(a)(1). On May 7, 2021, CBP timely liquidated the claim at a drawback amount of zero, and issued a bill to PAL for the return of the AP paid in connection with the claim. Elmalis Decl. at ¶¶ 4, 6-8, Attachment A. This bill remains unpaid.

The relevant procedural facts for the remaining 36 drawback claims are materially identical insofar as CBP did not extend the liquidation of the claims, and the liquidation of all designated import entries underlying the claims became final more than one year after the claims were filed. Protests and Entries; Elmalis Decl. at ¶¶ 4, 6-8, 10-11, Attachment A. Except for Drawback Claim No. BI0-0003838-9, CBP liquidated these 36 claims with a drawback amount of zero and issued bills for the repayment of the AP amounts for each claim, all of which remain unpaid save Drawback Claim No. BI0-0003473-5 (which was paid after this action was commenced). Protests and Entries; Elmalis Decl. at ¶¶ 4, 7-9, Attachment A. Drawback Claim No. BI0-0003838-9 was also liquidated with a drawback amount of zero, but since no AP was paid for that claim, the liquidation of the claim did not result in a bill. Protests and Entries; Elmalis Decl. at ¶¶ 4, 7-9, Attachment A.

Accordingly, except for Drawback Claim No. BI0-0003838-9, PAL did not pay all liquidated duties, charges, or exactions for the balance of the subject claims prior to commencing

this action in accordance with 28 U.S.C. § 2637(a). Therefore, these 37 drawback claims are subject to dismissal for lack of subject matter jurisdiction.

Moreover, except for Drawback Claim No. BI0-0003473-5 (which was untimely liquidated by CBP, but also untimely paid by PAL), PAL's claims are subject to dismissal for failure to state a claim upon which relief can be granted because the deemed liquidations that PAL seeks are foreclosed by statute and the decisions of this Court in *Performance Additives, LLC v. United States*, 705 F. Supp. 3d 1385 (Ct. Int'l Trade 2024) (*PAL I*) and the U.S. Court of Appeals for the Federal Circuit in *Performance Additives, LLC v. United States*, 167 F.4th 1348 (Fed. Cir. 2026) (*PAL II*).

The additional three counts asserted in PAL's First Amended Complaint—served after our initial motion to dismiss the original complaint—cannot save this action from dismissal for want of jurisdiction or failure to state a claim. Counts III and Count IV set forth repayment liability allegations against non-governmental entities, namely other importers and Joshua Stanka, none of which are governmental actors and none of which have been impleaded as defendants. *See* First Am. Compl. Count V, which contends that CBP breached a fiduciary duty to PAL and its surety for issuing AP on PAL's drawback claims, is an attempt by PAL to shift its repayment liability onto the Government and to circumvent the requirements imposed by 28 U.S.C. §§ 1581(a) and 2637(a). *Id.* These counts should be rejected.

## ARGUMENT

### I. Standard Of Review

The Court's determination of subject matter jurisdiction is a threshold inquiry. *Steel Co. v. Citizens For A Better Env't*, 523 U.S. 83, 94–95 (1998). "It is fundamental that the existence of a jurisdictional predicate is a threshold inquiry in which plaintiff bears the burden of proof."

*CR Indus. v. United States*, 10 CIT 561, 562 (1986). When jurisdiction is challenged pursuant to Rule 12(b)(1), a plaintiff has the burden of establishing the basis for jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Wally Packaging, Inc. v. United States*, 578 F. Supp. 1408, 1410 (Ct. Int'l Trade 1984) (noting that "[w]hen the Court's jurisdiction is challenged, the party asserting jurisdiction has the burden of establishing that jurisdiction exists").

When reviewing jurisdictional challenges, the Court "draw[s] all facts—which [it] assume[s] to be true unless contradicted by more specific allegations or documentary evidence—from the complaint and from the exhibits attached thereto." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d. Cir. 2011) (citations omitted). "When reviewing a challenge under Rule 12(b)(1), the court may consider documents outside the pleadings to assure itself that it has jurisdiction." *Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp.*, 585 F. Supp. 3d 63, 69 (D.D.C. 2022), *aff'd*, 77 F.4th 679 (D.C. Cir. 2023) (internal quotation marks and citation omitted); *see also Amidax Trading Grp.*, 671 F.3d at 145 ("To the extent that…the federal defendants's Rule 12(b)(1) motion placed jurisdictional facts in dispute…the district court properly considered evidence outside the pleadings.") (citations omitted).

A motion to dismiss for failure to state a claim is appropriate when a plaintiff's allegations do not entitle it to a remedy. *See United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327 (Fed. Cir. 2006) (citation omitted). The motion "tests the legal sufficiency of a complaint," *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002), which must be dismissed if it fails to present a legally cognizable right of action, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Dismissal is required when a complaint fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Twombly*, 550 U.S. at 570). "In deciding a motion to dismiss, the court must accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant," *Kellogg Brown & Root Servs., Inc. v. United States*, 728 F.3d 1348, 1365 (Fed. Cir. 2013), but need not accept legal conclusions contained in the same allegations, *Twombly*, 550 U.S. at 555. Nor is this Court bound to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" in ruling on a Rule 12(b)(6) motion. *Secured Mail Sols., LLC v. Universal Wilde, Inc*., 873 F.3d 905, 913 (Fed. Cir. 2017) (citation omitted).

Interpretations of governing legal authorities, such as statutes, involve questions of law. *See Kent v. Principi*, 389 F.3d 1380, 1384 (Fed. Cir. 2004) (interpretation of a statute or regulation is a question of law) (citation omitted); *Yanko v. United States*, 869 F.3d 1328, 1331 (Fed. Cir. 2017) (treating as a "pure legal issue of statutory interpretation" claim based on interpretation of statutory provision and related executive order). Such issues are appropriately resolved under Rule 12(b)(6). *See*, *e.g.*, *Yanko*, 869 F.3d at 1331 (citation omitted).

Furthermore, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotations and citations omitted). A waiver of sovereign immunity must be unequivocally expressed, not merely implied. *Id*. As the United States Supreme Court stated in *Ruckelshaus v. Sierra Club*:

> Waivers of immunity must be "construed strictly in favor of the sovereign," *McMahon v. United States*, 342 U.S. 25, 27, 72 S. Ct. 17, 19, 96 L. Ed. 268 (1951), and not "enlarge[d] . . . beyond what the language requires." *Eastern Transp. Co. v. United States*, 272 U.S. 675, 686, 47 S. Ct. 289, 291, 71 L. Ed. 472 (1927).

463 U.S. 680, 685 (1983).

The precise expression of consent to suit are the jurisdictional statutes enacted by Congress which authorize actions against the United States only under certain conditions. In customs and trade litigation, subject matter jurisdiction in actions against the United States is conferred upon this Court by 28 U.S.C. § 1581. When challenging protest denials by CBP under 28 U.S.C. § 1581(a), such actions are properly commenced only if all liquidated duties, charges, or exactions have been paid at the time the action is commenced, pursuant to 28 U.S.C. § 2637(a). Thus, although the United States has consented to be sued in this Court, such suits may only be permitted if the conditions of these statutes are met.

**II. This Action Should Be Dismissed For Lack Of Jurisdiction**

Plaintiff asserts jurisdiction under 28 U.S.C. § 1581(a), *see* First Am. Compl. ¶ 2, which grants the Court exclusive jurisdiction "of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." 28 U.S.C. § 2637(a), however, requires that all liquidated duties, charges, or exactions be paid prior to the commencement of an action in the Court of International Trade:

> A civil action contesting the denial of a protest under section 515 of the Tariff Act of 1930 may be commenced in the Court of International Trade only if all liquidated duties, charges, or exactions have been paid at the time the action is commenced, except that a surety's obligation to pay such liquidated duties, charges, or exactions is limited to the sum of any bond related to each entry included in the denied protest.

It is well-established that the Court lacks jurisdiction to entertain actions under section 1581(a) challenging the denial of a protest where all liquidated duties, charges, or exactions have not been paid prior to commencing the action. *See*, *e.g.*, *Nature's Farm Products, Inc. v. United States*, 819 F.2d 1127, 1128 (Fed. Cir. 1987); *Great Am. Ins. Co. of New York v. United States*, 34 C.I.T. 523, 527 (2010) ("Since satisfying § 2637(a) is a condition precedent to invoking the

jurisdiction of the CIT, the Court has no jurisdiction over this action."); *Dazzle Mfg., Ltd. v. United States*, 971 F. Supp. 594, 595–96 (Ct. Int'l Trade 1997) ("Pursuant to 28 U.S.C. § 2637(a), the payment of all liquidated duties, charges or exactions at the time the action was commenced is a condition precedent to invoking the jurisdiction of the U.S. Court of International Trade in an action brought under section 1581(a).").

Moreover, "[c]ase law unambiguously holds that the requirements of § 2637(a) are strictly applied and the statute precludes any exercise of discretion by the Court." *Great Am.*, 34 C.I.T. at 527 (citations omitted). Indeed, "the jurisdictional requirement that all liquidated duties, charges or exactions be paid at the time an action is commenced is strictly applied and is not subject to excuse or waiver based upon equitable principles." *Dazzle Mfg.*, 971 F. Supp. at 595; *see also Great Am.*, 34 C.I.T. at 527-28 (stating same); *Hartford Fire Ins. Co. v. United States*, 254 F. Supp. 3d 1333, 1345 (Ct. Int'l Trade 2017) ("The jurisdictional predicate imposed by § 2637(a) is strictly applied and is not subject to excuse based upon the assertion of equitable principles."), *appeal dismissed*, 2018 WL 1738320 (Fed. Cir. Feb. 20, 2018). As this Court has explained, "[s]uch requirements must be strictly construed since a court has no power to relax the statutory preconditions for waiver of sovereign immunity." *Dazzle Mfg.*, 971 F. Supp. at 596.

Additionally, "[t]he Court has defined a 'charge' as 'encompass[ing] a broad range of meanings including: an obligation or duty, a liability, an expense or the price of an object; an entry in an account of what's due from one party to another.'" *Borusan Mannesmann Boru Sanayi v. Ticaret A.S.*, 578 F. Supp. 3d 1333, 1341 (Ct. Int'l Trade 2022) (quoting *Syva Co. v. United States*, 681 F. Supp. 885, 888 (Ct. Int'l Trade 1988) (additional citations omitted)). "Similarly, an 'exaction' is 'the wrongful demand for payment under color of official authority, where no payment is due; an unjust compulsory levy.'" *Id*. (quoting *Syva*, 681 F. Supp. at 888)

(additional citations omitted). The Court has noted that "[t]hese definitions are broad in scope, but caselaw has clarified their meanings and indicated what kinds of transactions will not be considered charges or exactions. The question generally turns on whether the payment is truly voluntary." *Brother Int'l Corp. v. United States*, 27 C.I.T. 1, 4 (2003). Where payments are voluntarily made, such payments tend not to be construed as charges or exactions; in contrast, where payments are made in response to a demand from CBP or from an imposition of a liability, such payments are often considered charges or exactions. *See id.* at 5-6 (discussing cases).

As such, where, as here, a protest that is the subject of a civil action contests the liquidation of a drawback claim, liquidated charges for purposes of 28 U.S.C. § 2637(a) include bills for the repayment of AP that are issued when CBP liquidates the claim at a drawback amount of zero after initially paying estimated drawback as AP. *See* 19 C.F.R. § 190.92(i) (providing that after liquidation, CBP will demand a refund of any excess amount of drawback paid as AP).

As discussed above, for all but one of the subject drawback claims (Drawback Claim No. BI0-0003838-9), PAL did not pay all liquidated charges prior to commencing this action in accordance with 28 U.S.C. § 2637(a). Consequently, this Court lacks jurisdiction over the 37 subject drawback claims that were liquidated with bills which were not paid at the time that this action was commenced.

In the jurisdictional section of its amended complaint, PAL alleges that "[a]ll liquidated *Customs duties in respect of the import entries* designated as the basis of drawback in the claims were paid prior to the commencement of this action," but makes no mention of its non-payment of the liquidated charges for the repayment of AP upon the liquidation of the subject drawback

claims. First Am. Compl. at ¶ 4 (emphasis added). The relevant standard is whether "all *liquidated duties, charges, or exactions* have been paid at the time the action is commenced" to contest the denial of a protest. 28 U.S.C. § 2637(a) (emphasis added). The statute does not limit the pre-commencement statutory payment requirement to duties paid on the underlying import entries; rather, section 2637(a) broadly requires the payment of all liquidated duties, charges, or exactions, whether on the import entries or on the drawback entries. Here, PAL seeks to bring this action to contest CBP's denial of its protests concerning the liquidation of PAL's drawback claims with bills for the return of pre-liquidation AP. Pursuant to section 2637(a), such an action contesting the denial of a protest requires that all liquidated duties, charges, or exactions that are "related to each entry included in the denied protest" must be paid at the time the action is commenced.[3] Thus, in actions involving protests contesting CBP's liquidation of drawback claims/entries,[4] the liquidated charges that must be paid prior to commencing the action pursuant

[3] Where an action is commenced by the surety on the importer's bond, the requirement that all liquidated duties, charges, or exactions be paid at the time that the action is commenced applies only up to the limit of liability on the bond. 28 U.S.C. § 2637(a) ("…except that a surety's obligation to pay such liquidated duties, charges, or exactions is limited to the sum of any bond related to each entry included in the denied protest."). In providing for this qualification for suits commenced by sureties, the statute explicitly makes clear that the relevant "liquidated duties, charges, or exactions" are those associated with the entries that are the subject of the denied protest(s). Here, the denied protests that PAL is contesting concern drawback entries, and the bills issued by CBP upon the liquidation of those drawback entries were not paid at the time that PAL's action contesting the denial of its protests was commenced.

[4] As noted above, for purposes of liquidation the terms "drawback claim" and "drawback entry" are used interchangeably in 19 U.S.C. §§ 1313 and 1504(a)(2) and CBP's implementing regulations. *See, e.g.*, 19 U.S.C. § 1504(a)(2) (providing liquidation rules for "entries or claims for drawback"); 19 C.F.R. § 159.1 (definition of liquidation) ("Liquidation means the final computation or ascertainment of duties on entries for consumption *or drawback entries*.") (emphasis added); 19 C.F.R. § 190.81(a)(1) ("Drawback entries may be liquidated after … [l]iquidation of the designated import entry or entries becomes final ….").

to 28 U.S.C. § 2637(a) include the payment of all bills issued with respect to the liquidation of the drawback claims.

Here, 37 of the 38 subject drawback claims were liquidated with bills for the repayment of AP in accordance with 19 C.F.R. §§ 191.92(i) (for pre-TFTEA claims) or 190.92(i) (for post-TFTEA claims) and the bond conditions in 19 C.F.R. § 113.65(b). Protests and Entries; Elmalis Decl. at ¶¶ 8-9, Attachment A. PAL paid only one of those bills—for Drawback Claim No. BI0-0003473-5—but the payment was made 11 days after this action commenced. Summons; Protests and Entries; Elmalis Decl. at ¶ 9, Attachment A. The bills for liquidated charges for the other 36 drawback claims remain unpaid. Elmalis Decl. at ¶¶ 8-9, Attachment A. Accordingly, this Court lacks jurisdiction over all 37 subject drawback claims for which the liquidated charges have either not been paid or were paid after the commencement of this action.[5]

## III. This Action Should Be Dismissed For Failure To State A Claim

In Counts I and II of its First Amended Complaint, PAL contends that its drawback claims were deemed liquidated by operation of law in accordance with the limits on liquidation set forth in 19 U.S.C. § 1504(a)(2)(A) and/or 19 U.S.C. § 1504(b). In its entirety, section 1504(a)(2) provides as follows:

> (2) Entries or claims for drawback
>
> (A) In general
>
> Except as provided in subparagraph (B) or (C), unless an entry or claim for drawback is extended under subsection (b) or suspended as required by statute or court order, an entry or claim for drawback not liquidated within 1 year from the date of entry or claim shall be deemed liquidated at the drawback amount asserted by the claimant or claim. Notwithstanding section 1500(e) of this

[5] As discussed above, Drawback Claim No. BI0-0003838-9 is the only claim not implicated by the jurisdictional restriction in 28 U.S.C. § 2637(a) as no AP was paid on the claim and therefore no bill was issued upon liquidation.

> title, notice of liquidation need not be given of an entry deemed liquidated.
>
> (B) Unliquidated imports
>
> An entry or claim for drawback whose designated or identified import entries have not been liquidated and become final within the 1-year period described in subparagraph (A), or within the 1-year period described in subparagraph (C), shall be deemed liquidated upon the deposit of estimated duties on the unliquidated imported merchandise, and upon the filing with the Customs Service of a written request for the liquidation of the drawback entry or claim. Such a request must include a waiver of any right to payment or refund under other provisions of law. The Secretary of the Treasury shall prescribe any necessary regulations for the purpose of administering this subparagraph.
>
> (C) Exception
>
> An entry or claim for drawback filed before December 3, 2004, the liquidation of which is not final as of December 3, 2004, shall be deemed liquidated on the date that is 1 year after December 3, 2004, at the drawback amount asserted by the claimant at the time of the entry or claim.

Section 1504(b), pertaining to extensions of liquidations, states as follows:

> The Secretary of the Treasury may extend the period in which to liquidate an entry if—
>
> (1) the information needed for the proper appraisement or classification of the imported or withdrawn merchandise, or for determining the correct drawback amount, or for ensuring compliance with applicable law, is not available to the Customs Service; or
>
> (2) the importer of record or drawback claimant, as the case may be, requests such extension and shows good cause therefor.
>
> The Secretary shall give notice of an extension under this subsection to the importer of record or drawback claimant, as the case may be, and the surety of such importer of record or drawback claimant. Notice shall be in such form and manner (which may include electronic transmittal) as the Secretary shall by regulation prescribe. Any entry the liquidation of which is extended under this subsection shall be treated as having been liquidated at the rate

> of duty, value, quantity, and amount of duty asserted by the importer of record, or the drawback amount asserted by the drawback claimant, at the expiration of 4 years from the applicable date specified in subsection (a).

In accordance with the implementing regulation for 19 U.S.C. § 1504(b), each time that CBP extends liquidation, the deadline for liquidation is extended by one year. 19 C.F.R. § 159.12(a), (d). Accordingly, consistent with the four-year statutory limitation set forth by 19 U.S.C. § 1504(b), the maximum number of times that CBP can extend liquidation is three times. 19 C.F.R. § 159.12(e).

On February 24, 2026, the Federal Circuit affirmed this Court's holding in *PAL I* that a drawback claim cannot be deemed liquidated by operation of law under 19 U.S.C. § 1504(a)(2)(A) where the liquidations of the underlying import entries are not final on the one-year anniversary of the drawback claim being filed. *PAL II,* 167 F.4th 1348 (Fed. Cir. 2026). Specifically, the Federal Circuit held

> that under the plain text of the statute, subparagraph (A) does not apply when the conditions set forth in (B) are present. Here, the conditions of § 1504(a)(2)***(B)*** were present because, inter alia, the underlying import entries were not yet final. Thus, Performance's drawback claim was not automatically liquidated under § 1504(a)(2)***(A)***. Given there was not a "deemed" liquidation, Customs did not act unlawfully by liquidating the drawback claim.

*Id*. at 1350 (emphasis in original).

*PAL I* involved two drawback claims filed by PAL in March 2016 and March 2020, which CBP had also liquidated at a drawback amount of zero and which PAL similarly claimed had been deemed liquidated by operation of law under 19 U.S.C. § 1504(a)(2)(A). With respect to the March 2020 claim, which CBP liquidated in April 2021, this Court held that the claim was not deemed liquidated under section 1504(a)(2)(A), and the Federal Circuit affirmed. *See PAL I*,

705 F. Supp. 3d at 1388 (designating the March 2020 claim as "Drawback Claim 1") and 1395-96 (holding that this claim was not deemed liquidated); *PAL II*, 167 F.4th at 1350.

With respect to the March 2016 claim, the Court found in favor of PAL, holding that the claim was deemed liquidated under section 1504(a)(2)(A) because CBP had twice extended the liquidation of the claim and then did not liquidate the claim by the extended liquidation date. *See PAL I*, 705 F. Supp. 3d at 1388 (designating the March 2016 claim as "Drawback Claim 2") and 1397 (holding that this claim was deemed liquidated when CBP failed to liquidate by the extended deadline after timely extending liquidation pursuant to 19 U.S.C. § 1504(b) because "under subsection (b) Customs may extend the time in which it may liquidate a drawback claim [and o]nce Customs does so, it is subject to the new deemed liquidation deadline it creates and each extended deadline thereafter").

For all the subject drawback claims except Drawback Claim No. BI0-0003473-5 (which CBP untimely liquidated but PAL failed to timely pay the liquidated charges prior to bringing this action), PAL has failed to state a claim upon which relief may be granted because these claims are materially identical to the claims that this Court in *PAL I* and the Federal Circuit in *PAL II* held were not deemed liquidated under 19 U.S.C. § 1504(a)(2)(A). Specifically, this Court and the Federal Circuit held that a non-extended drawback claim cannot be deemed liquidated by operation of law under 19 U.S.C. § 1504(a)(2)(A) where the liquidations of the underlying import entries are not final at the expiration of the one-year period, as measured from when the claim was filed.

Here, for all but two of the subject 38 drawback claims, liquidation was never extended, and the liquidations of the designated import entries underlying the claims were not final on the one-year anniversary of the claims being filed. Protests and Entries; Elmalis Decl. at ¶¶ 6 and

11, Attachment A. Accordingly, these claims are governed by the Federal Circuit's precedential holding in *PAL II*, and were not deemed liquidated by operation of law under 19 U.S.C. § 1504(a)(2)(A) in accordance with that holding. Since PAL alleges that its drawback claims were deemed liquidated by operation of law, *see* First Am. Compl. at Counts I and II, and does not contend that it is entitled to any drawback on the merits of its drawback claims, PAL has failed to state a claim upon which relief may be granted for the 36 drawback claims that were not extended.

For Drawback Claim No. BI0-0004471-8, PAL has also failed to state a claim upon which relief may be granted, because although CBP did extend the liquidation of this claim, CBP timely liquidated the claim prior to the expiration of the extended liquidation date. Specifically, Drawback Claim No. BI0-0004471-8 was filed on January 29, 2020, and on January 20, 2021 CBP extended its liquidation until January 29, 2022. Protests and Entries; Elmalis Decl. at ¶¶ 4-6, Attachment A; 19 C.F.R. § 159.12(a)(1) (each extension of liquidation extends the liquidation deadline by one year). CBP then timely liquidated the claim on May 7, 2021. Elmalis Decl. at ¶¶ 4-6, Attachment A. Accordingly, consistent with this Court's holding in *PAL I*, PAL has failed to state a claim upon which relief may be granted with respect to Drawback Claim No. BI0-0004471-8 because the claim was timely liquidated within the extended liquidation time period and before the fourth anniversary of the claim filing.

## IV. PAL's Additional Counts Should Be Dismissed

In its First Amended Complaint, PAL includes three additional counts not present in its original complaint—all of which are an attempt by PAL to shift to other entities PAL's legal responsibility for repaying the estimated drawback that it received as AP based on the express condition that both PAL and its surety "jointly and severally agree to refund on demand the full

amount of any overpayment, as determined on liquidation of the drawback claim." 19 C.F.R. § 113.65(b) (repayment of erroneous drawback payment bond conditions).[6] Count III alleges that other unspecified importers should be jointly and severally liable for repayment. Count IV alleges that PAL's repayment liability should be shifted to Joshua Stanka. Count V alleges that CBP owed a fiduciary duty to PAL and its surety, which the agency purportedly breached when issuing AP on the subject drawback claims without sufficient review. For the reasons discussed below, these counts should all be dismissed.

First, the additional counts in PAL's First Amended Complaint cannot cure the jurisdictional defects discussed in Section II. As explained above, because PAL did not pay all liquidated charges for 37 of the 38 subject drawback claims prior to commencing this action in accordance with 28 U.S.C. § 2637(a), this Court lacks jurisdiction over those 37 claims. PAL's attempt to deflect liability for its failure to pay the bills issued to it upon the liquidation of the subject drawback claims onto other importers, individuals, and the Government are not relevant or dispositive of an action that challenges the denial of a protest under 28 U.S.C. § 1581(a). 28 U.S.C. § 2637(a) makes clear that protest denial challenges are properly commenced only if all liquidated duties, charges, or exactions have been paid at the time the action is commenced. This Court has long recognized that there are no exceptions or equitable carve-outs for failure to comply with the statutory jurisdiction requirements when commencing an action. *See*, *e.g.*,

[6] *See also* 19 C.F.R. at § 190.92(d) (drawback claimants approved for AP "must furnish a properly executed bond in an amount sufficient to cover the estimated amount of drawback to be claimed during the term of the bond," and "[i]f outstanding accelerated drawback claims exceed the amount of the bond, the drawback office will require additional bond coverage as necessary before additional accelerated payments are made"), §190.92(i) ("After liquidation, the drawback office will certify the claim for payment of any amount due or demand a refund of any excess amount paid. Any excess amount of duty the subject of accelerated payment that is not repaid to CBP within 30 days after the date of liquidation of the related drawback entry will be considered delinquent (see §§ 24.3a and 113.65(b) of this chapter)").

*Great Am.*, 34 C.I.T. at 527-28; *Dazzle Mfg.*, 971 F. Supp. at 595-96; *Hartford Fire*, 254 F. Supp. 3d at 1345.

In any event, PAL's First Amended Complaint attempts to shift liability for repaying the outstanding drawback it owes on its claims to non-governmental actors, such as other importers (Count III) or individuals (Count IV), but these counts are not allegations made against the Government, and thus are not properly before the Court in this action. Moreover, these entities have not been impleaded by PAL. Third-party practice is governed by Rule 14, and most commonly addresses when a third-party defendant can be brought into a case. *See* USCIT Rule 14(a). That is, a defendant may try to bring in a third party who may be liable to it for any part of the claim. *See Int'l Fidelity Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 675 (5th Cir. 2011) ("commonly understood meaning of a third-party action is that it is one brought by a defendant against a third-party."); *United States v. Spanish Foods, Inc.*, 30 F. Supp. 2d 571, 572 (Ct. Int'l Trade 1998) (taking jurisdiction over a third-party claim brought by defendant). Rule 14, however, allows a *plaintiff* to bring in a third party only "[w]hen a claim is asserted against a plaintiff," and even then, "the plaintiff may bring in a third party if this rule would allow a defendant to do so." USCIT Rule 14(b). We have not asserted a claim against PAL, nor do we wish to introduce a claim against a third party.

Even if the Counts III and IV individual and importers were impleaded under USCIT Rule 14, any claims against the new third-party defendants would not reviewable under 28 U.S.C. § 1581(a), which limits review under section 1581(a) to a denied protest and the subject matter of that denied protest. The entities identified by PAL in Counts III and IV of its First Amended Complaint did not bring a protest, let alone a protest that was denied by CBP to challenge the agency's "refusal to pay a claim for drawback." 19 U.S.C. § 1514(a)(6); *see also*

28 U.S.C. § 2636(a)(1) (barring suit in this Court to challenge a denied protest unless that challenge occurs within 180 days after the date that the notice of the denied protest was mailed); 28 U.S.C. § 2638 (referencing civil actions "in which the denial, in whole or in part, of a protest is a precondition to the commencement of a civil action in the Court of International Trade"). Being unable to satisfy these statutory predicates, no third-party action could survive against the Count III and IV entities. We note that even if PAL attempted to sue these entities in an action separate and apart from the Government, alleging its Counts III and IV claims, that lawsuit would have no jurisdiction in this Court, as the Court's jurisdiction is limited to suits against the Government. *See* 28 U.S.C. § 1581 (which pertains to "Civil actions against the United States and agencies and officers thereof").

Count V attempts to shift PAL's repayment liability to the Government for a purported breach of fiduciary duty; however, this action, invoking the Court's jurisdiction under 28 U.S.C. § 1581(a), is not an adjudication of who else, if anyone, may be liable for PAL's unpaid debts to CBP; it is a challenge to whether CBP was correct to deny PAL drawback. *See* 19 U.S.C. § 1514(a)(6) (providing for protestability of CBP's "refusal to pay a claim for drawback") and 28 U.S.C. §§ 1581(a) and 2637(a) (providing this Court with exclusive jurisdiction over civil actions commenced to contest the denial of a protest so long as all liquidated charges related to each entry included in the denied protest are paid at the time the action is commenced). We have not asserted a counterclaim against PAL or any other parties, nor as explained above can PAL implead any other would-be defendants. If anything, because AP is fully bonded, *see* 19 C.F.R. § 190.92(d), PAL's surety is jointly and severally liable for the repayment of any overpayment of AP. *See* 19 C.F.R. § 113.65(b) ("If the principal receives an accelerated payment of drawback based on the principal's calculation of the drawback claim, the principal and surety, jointly and

severally agree to refund on demand the full amount of any overpayment, as determined on liquidation of the drawback claim.”). But we make no affirmative claim against PAL’s surety in this action under USCIT Rule 14. Ultimately, PAL’s allegations concerning repayment liability have no nexus to CBP’s decision to deny PAL’s protest, and are inapposite to the disposition of this action.

Furthermore, Count V alleges that the Government “breached its fiduciary duty to plaintiff by failing to undertake minimal review of those drawback claims where plaintiff was not listed as either importer or exporter.” First Am. Compl. ¶¶ 83, 84. Yet PAL identifies no statutory or regulatory provision for the proposition that CBP is a fiduciary of drawback claimants generally, let alone a fiduciary to PAL specifically. Nor can it. 19 U.S.C. § 1313 provides for the statutory requirements in which drawback may be claimed and paid, and 19 C.F.R. §§ 190.92 and 191.92 set forth the regulatory conditions in which CBP may issue AP on eligible drawback claims. On that score, CBP adhered to its regulations when paying AP on the subject claims. *See* 19 C.F.R. § 190.92(a) (“Accelerated payment of drawback is only available when CBP’s review of the request for accelerated payment of drawback does not find omissions from, or inconsistencies with the requirements of the drawback law and part 190 (see, especially, subpart E of this part)”) and § 190.92(i) (“The drawback office approving a drawback claim in which accelerated payment of drawback was requested will certify the drawback claim for payment”). CBP likewise followed its regulations when it liquidated the drawback claims without drawback and demanded a return of the AP overpayment. *See* § 190.92(i) (“After liquidation, the drawback office will certify the claim for payment of any amount due or demand a refund of any excess amount paid”).

Even if PAL were correct (which it is not) that the Government owes a "fiduciary duty" to drawback claimants like PAL, who voluntarily request and receive AP of estimated drawback on the express condition that they will be required to pay it back on demand if it is determined upon liquidation of the drawback claim that payment of estimated drawback was in excess of the drawback amount that is lawfully due, PAL does not articulate what relief it seeks for this purported breach in an action brought under 28 U.S.C. § 1581(a).

Assuming *arguendo* that any fiduciary duty could be conceivably owed to PAL individually when CBP issued AP on the subject drawback claims, the purported factual basis for Count V is not correct. Contrary to PAL's allegations, PAL is listed as an exporter of record for *all* the subject drawback claims, and as an importer of record on 15 of the designated import entries. Elmalis Decl. at ¶ 5. In short, Count V goes nowhere, and should be dismissed.

**CONCLUSION**

For these reasons, we respectfully request that this Court grant our amended motion, dismiss plaintiff's amended complaint with prejudice, and enter judgment for defendant.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

By: /s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Alexander Vanderweide
ALEXANDER VANDERWEIDE
Senior Trial Counsel
International Trade Field Office
Department of Justice, Civil Division
Commercial Litigation Branch

Of Counsel:
ALEXANDRA KHREBTUKOVA
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

26 Federal Plaza, Room 346
New York, New York 10278
(202) 598-0287
Attorneys for Defendant

October 22, 2026

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JANE A. RESTANI, JUDGE

| | | |
|---|---|---|
| PERFORMANCE ADDITIVES, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Court No. 22-00086 |
| UNITED STATES, | ) | |
| Defendant. | ) | |

**CERTIFICATE OF COMPLIANCE PURSUANT TO USCIT STANDARD CHAMBER PROCEDURE 2(B)**

I, Alexander Vanderweide, a Senior Trial Counsel in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing memorandum, relying upon the word count feature of the word processing program used to prepare the brief, certify that this brief complies with the type-volume limitation under USCIT Standard Chamber Procedure 2(B) and contains 7582 words.

/s/ Alexander Vanderweide